**GREENBERG TRAURIG, LLP**
500 Campus Drive, Suite 400
Florham Park, NJ 07932-0677
Tel: (973) 360-7900
Fax: (973) 301-8410
*Attorneys for Plaintiff Ascentium Capital LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ascentium Capital LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Kathryn Alcarez,<br><br>　　　　　　　　　　Defendant. | Civil Action No.:  1:22-cv-07416<br><br>**COMPLAINT** |

Plaintiff Ascentium Capital LLC ("Ascentium"), by and through its counsel, alleges for its Complaint as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.　　Plaintiff Ascentium is a Delaware limited liability company with its principal place of business located at 23970 US Highway 59 North, Kingwood, Texas 77339. RF Ascentium, LLC, a Delaware limited liability company with its principal place of business located in Texas, is the sole member of Ascentium. Regions Bank, an Alabama state-chartered bank with its principal place of business in Alabama, is the sole member of RF Ascentium, LLC.

2.　　Defendant Kathryn Alcarez ("Defendant" and, together with Ascentium, "Parties") is an individual and medical doctor who resides in and is a citizen of the State of New York and at all relevant times operated her medical practice in New York, New York.

3. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as there is complete diversity among the Parties, who are citizens of different states; and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as (1) Defendant resides in this district; and (2) a substantial part of the events or omissions giving rise to Ascentium's claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

**FACTS**

5. On or about March 4, 2019, Ascentium and Defendant entered into an Equipment Finance Agreement (Agreement No. 2356830) ("EFA"), pursuant to which Ascentium financed Defendant's purchase of an Inmode Optimas System ("Collateral") for use in her medical practice. True and correct copies of the EFA and the contemporaneously executed Prepayment Addendum are attached hereto as **Exhibit A**.

6. The EFA granted Ascentium a security interest in the Collateral to secure Defendant's obligations under the EFA, as well as the authority to make any Uniform Commercial Code ("UCC") filings it deemed necessary. Accordingly, on the same date, March 4, 2019, Ascentium filed a UCC Financing Statement in connection with its lien on the Collateral. A true and correct copy of the UCC Financing Statement is attached hereto as **Exhibit B**.

7. Pursuant to the Payment Schedule identified in the EFA, which had a 66-month term, Defendant was required to make six monthly payments of $99, followed by 60 monthly payments of $3,733.04, to Ascentium.

8. Defendant agreed that the EFA was irrevocable and that her "obligation to pay all amounts payable [thereunder] is absolute and unconditional and will not be subject to any reduction, setoff, defense, counterclaim, deferment or unfitness of the Collateral."

9. Defendant agreed that she would be in default of the EFA if, among other things, she "fail[ed] to pay any amount under this EFA when due."

10. Defendant agreed that, upon her default under the EFA, Ascentium would have the right to (a) terminate the EFA, (b) take possession of the Collateral (in which case Defendant would be required to deliver the Collateral to Ascentium "at [her] expense and to a location designated by" Ascentium), (c) "declare all sums due and to become due hereunder immediately due and payable, all future payments discounted at 3% as calculated by" Ascentium, (d) "sell, dispose of, hold, or lease the Collateral and/or (e) exercise any other right or remedy which may be available to [Ascentium] under applicable law."

11. Defendant further agreed that she would "reimburse [Ascentium] for all costs [it] incur[s] in enforcing [its] rights including [its] attorneys' fees and costs of repossession, repair, storage and remarketing of the Collateral." Defendant further agreed to pay interest on all past due amounts.

12. In connection with the EFA, Defendant personally and unconditionally guaranteed to Ascentium and its assigns "the payment and performance when due of all of the obligations … under the EFA and all related documents …." ("Guaranty").

13. On March 7, 2019, Ascentium paid to the supplier of the Collateral the entire purchase price of the Collateral ($163,312.50).

14. Between March and August 2019, Defendant made to Ascentium the six initial $99 payments due under the EFA.

15. Between September 2019 and March 2020, Defendant made to Ascentium seven monthly payments of $3,733.04 due under the EFA.

16. In or around March 2020, the Parties executed an Amendment and Modification of Payment Terms, whereby the Parties agreed that, beginning March 10, 2020, Defendant would make three monthly payments to Ascentium in the amount of $19.00 and, beginning June 10, 2020, Defendant would make 24 monthly payments to Ascentium in the amount of $2,7321.34 ("First Amendment and Modification of Payment Terms"). The First Amendment and Modification of Payment Terms further provided that, except as expressly modified therein, "all of the terms, provisions and conditions of the [EFA] remain and continue in full force and effect." A true and correct copy of the First Amendment and Modification of Payment Terms is attached hereto as **Exhibit C**.

17. In or around July 2020, the Parties executed a second Amendment and Modification of Payment Terms, whereby the Parties agreed that Defendant would not have to make any payments to Ascentium during the months July, August, and September 2020; but, beginning October 10, 2020, would resume "regular payments … according to the original" EFA, and would make a one-time "COVID19 modification payment" to Ascentium in the amount of $3,733.04 on March 10, 2025 ("Second Amendment and Modification of Payment Terms"). The Second Amendment and Modification of Payment Terms further provided that, except as expressly modified therein, "all of the terms, provisions and conditions of the [EFA] remain and continue in full force and effect." A true and correct copy of the Second Amendment and Modification of Payment Terms is attached hereto as **Exhibit D**.

18. Defendant did not make any payments to Ascentium between April 2020 and November 2020.

19. Defendant thereafter made sporadic, piecemeal payments to Ascentium in December 2020; January, February, March, May, June, August, September, November, and December 2021; and January and April 2022.

20. The last payment that Defendant made to Ascentium was on April 22, 2022, in the amount of $2,111.09. This completed the payment that was due and owing on December 10, 2021.

21. Ascentium sent Defendant various letters, including Past Due Reminder Notices, Notices of Default, and Demands for Payment (collectively, "Letters"). Notwithstanding the Letters, Defendant failed to make the payments required to become current on her obligations under the EFA.

22. By letter dated July 19, 2022, Ascentium exercised its rights under the EFA to (a) accelerate the loan balance and declare all sums due and to become due under the EFA immediately due and payable; and (b) demand that Defendant allow Ascentium to obtain possession of the Collateral ("Final Demand Letter"). Defendant has failed to comply with the demands set forth in the Final Demand Letter or make any further payments toward the outstanding loan balance.

23. As of the date of the Final Demand Letter, the total accelerated loan balance that was due and owing to Ascentium was $157,108.72. This figure was calculated in accordance with the EFA's requirement that future payments be discounted at 3%. Per the terms of the EFA, the total amount due and owing will continue to increase over time.

24. Upon information and belief, the Collateral is currently situated in Defendant's medical office located in New York, New York.

## COUNT I

## BREACH OF CONTRACT

25. Ascentium re-alleges and incorporates by reference the allegations contained in all prior paragraphs as if fully set forth herein.

26. The EFA (including all addenda and amendments) is a valid, binding, and enforceable agreement between the Parties.

27. Plaintiff has fully performed and satisfied all conditions, covenants, promises, and obligations it was required to perform and satisfy under the EFA and its addenda and amendments.

28. Defendant has failed and refused to make payments required under the EFA and, as a result, has breached and is in default of the EFA.

29. Defendant is in further breach of the EFA by failing to honor and comply with EFA's invocation of its rights under the EFA to (a) accelerate and demand immediate payment of all sums due and to become due under the EFA and (b) take possession of the Collateral.

30. As a result of Defendant's breaches of the EFA, Ascentium has suffered damages, and Defendant is liable to Ascentium, in an amount in excess of $157,108.72 (the total accelerated loan balance as of the date of the Final Demand Letter, which was calculated in accordance with the EFA's terms, plus interest), as well as the attorneys' fees and costs Ascentium has incurred and will incur in enforcing its rights under the EFA.

## COUNT II

## BREACH OF GUARANTY

31. Ascentium re-alleges and incorporates by reference the allegations contained in all prior paragraphs as if fully set forth herein.

32. At the time Defendant executed the EFA, she signed a valid, binding, and enforceable Guaranty, by which she personally and "unconditionally guaranteed to [Ascentium] and [its] assigns the payment and performance when due of all of the obligations … under this EFA and all related documents …."

33. Plaintiff has fully performed and satisfied all conditions, covenants, promises, and obligations it was required to perform and satisfy under the Guaranty.

34. Defendant has breached the Guaranty by failing to ensure timely payment and performance when due of all obligations under the EFA.

35. As a result of Defendant's breach of the Guaranty, Ascentium has suffered damages, and Defendant is liable to Ascentium, in an amount in excess of $157,108.72 (the total accelerated loan balance as of the date of the Final Demand Letter, which was calculated in accordance with the EFA's terms, plus interest), as well as the attorneys' fees and costs Ascentium has incurred and will incur in enforcing its rights under the EFA.

## COUNT III

## POSSESSION OF COLLATERAL

36. Ascentium re-alleges and incorporates by reference the allegations contained in all prior paragraphs as if fully set forth herein.

37. The EFA provides that, in the event of default by Defendant, Ascentium may enforce its security interest in the Collateral and demand and obtain immediate possession of the Collateral at Defendant's expense.

38. Defendant is in default of the EFA due to her failure and refusal to make the payments required thereunder.

39. Ascentium has exercised its right under the EFA to demand that Defendant allow Ascentium to take possession of the Collateral at her expense.

40. Defendant has refused to allow Ascentium to take possession of the Collateral and retains possession of the Collateral.

41. By virtue of Defendant's default under and breach of the EFA, Ascentium is entitled to judgment of immediate possession of the Collateral.

**WHEREFORE,** Ascentium prays for relief and judgment against Defendant as follows:

(a) Awarding Ascentium a sum in excess of $157,108.72 (the total accelerated loan balance as of the date of the Final Demand Letter, which was calculated in accordance with the EFA's terms, plus interest);

(b) Ordering Defendant to allow Ascentium to take immediate possession of the Collateral, at Defendant's expense;

(c) Awarding Ascentium all costs it incurred in enforcing its rights under the EFA, including its attorneys' fees; and

(d) Awarding such other and further relief as the Court may deem just and proper.

Dated:  August 30, 2022

**GREENBERG TRAURIG, LLP**
500 Campus Drive, Suite 400
Florham Park, New Jersey 07302
Tel: (973) 360-7900
Fax: (973) 301-8410

By: __/s/ Louis Smith_____
        LOUIS SMITH
*Attorneys for Plaintiff*
*Ascentium Capital LLC*